RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0101p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

No. 20-2139

IAN AZA JEROME OWENS,

*Defendant-Appellant*.

───────────────

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 1:02-cr-00226-1—Paul Lewis Maloney, District Judge.

Decided and Filed: May 6, 2021[*]

Before: DAUGHTREY, MOORE, and THAPAR, Circuit Judges

───────────────

## COUNSEL

**ON BRIEF:** Sharon A. Turek, Pedro Celis, FEDERAL PUBLIC DEFENDER'S OFFICE, Grand Rapids, Michigan, for Appellant. Theodore J. Greeley, UNITED STATES ATTORNEY'S OFFICE, Marquette, Michigan, for Appellee.

MOORE, J., delivered the opinion of the court in which DAUGHTREY, J., joined. THAPAR, J. (pp. 14–16), delivered a separate dissenting opinion.

───────────────

[*]This opinion originally issued on May 6, 2021 without Judge Thapar's dissenting opinion. On May 7, 2021, the court reissued the opinion, revised only as to the addition of the dissent. The date that the opinion and judgment are deemed to have been filed remains May 6, 2021.

_____

**OPINION**

_____

KAREN NELSON MOORE, Circuit Judge.  Ian Owens appeals the district court's order denying his motion for compassionate release because it concluded that the disparity between his lengthy sentence and the sentence that he would receive following the passage of the First Step Act was not an extraordinary and compelling reason to support compassionate release.  For the reasons set forth in this opinion, we **REVERSE** the district court's order and **REMAND** for reconsideration of Owens's motion for compassionate release consistent with this opinion.

## I.  BACKGROUND

In 2004, a jury convicted Owens of five counts of possessing or aiding and abetting the possession of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c); one count of carjacking, in violation of 18 U.S.C. § 2119; four counts of bank robbery by force or violence, in violation of 18 U.S.C. § 2113(a) and (d); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(l), in connection with a series of bank robberies. Appellant's Appendix ("App'x") at 60–63 (Jury Verdict).  A single § 924(c) conviction for possessing a firearm during and in furtherance of a crime of violence carries a mandatory-minimum sentence of five years' incarceration.  At the time of Owens's sentencing, each subsequent § 924(c) conviction triggered a sentence of an additional twenty-five years of incarceration, even if the defendant's § 924(c) convictions all were part of a single indictment. 18 U.S.C. § 924(c) (2006).

At the outset, the government charged Owens with a single count of bank robbery, in violation of 18 U.S.C. § 2113 (carrying a maximum sentence of twenty-five years' imprisonment).  App'x at 20 (Indictment).  The government admits that if Owens had agreed to cooperate, it would have allowed him to plead guilty to this single count.  R. 149 (Gov't Resp. to Mot. for Sentence Reduction at 17 n.8) (Page ID #200).  After Owens rejected the government's initial offer, the government filed the first superseding indictment, which added three counts of bank robbery, one count of conspiracy, and three § 924(c) counts to the initial bank robbery

count. App'x at 21–29 (First Superseding Indictment). The second superseding indictment added another conspiracy count, two felon-in-possession-of-a-weapon counts, and one carjacking count. App'x at 30–43 (Second Superseding Indictment). The government subsequently filed a third superseding indictment adding two more § 924(c) counts. App'x 44–59 (Third Superseding Indictment). Shortly before trial, the government proposed one last plea offer that would have required Owens to plead guilty to only two § 924(c) counts. Owens rejected this offer and proceeded to trial. The jury convicted Owens of all but one count, including the five § 924(c) counts. App'x 60–63 (Jury Verdict).

The district court sentenced Owens to 1260 months' incarceration for the five § 924(c) convictions (five years' incarceration for the first § 924(c) conviction and twenty-five years' incarceration for each of the four remaining § 924(c) convictions) and 151 months' incarceration for the remaining convictions. *United States v. Owens*, 426 F.3d 800, 809 (6th Cir. 2005). Following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines were advisory, we remanded Owens's case for resentencing. *Owens*, 426 F.3d at 809. In all other respects we affirmed Owens's convictions and sentence. *Id.* On remand, the district court resentenced Owens to 120 months' incarceration on the discretionary portion of his sentence and the mandatory 1260 months' incarceration for the five § 924(c) convictions. R. 144 (Resent'g Hr'g Tr. at 10) (Page ID #123). Owens's resulting 115-year sentence is, in effect, a life sentence without the possibility of parole.

Owens's co-conspirators faced a much different fate. Darrell Jackson pleaded guilty to one count of aiding and abetting armed bank robbery, and the district court sentenced him to twenty-one months' incarceration. R. 158 (2004 Final PSR at 6) (Page ID #264). Another co-conspirator, Adika Sutton, pleaded guilty to one count of bank robbery by force or violence, and the district court sentenced him to thirty-three months' incarceration. *Id.* Lionel Sorrells pleaded guilty to one count of bank robbery and one count of using or carrying a firearm during a crime of violence, and the district court sentenced him to twenty-five years' incarceration. *Id.*; Judgment, *United States v. Sorrells*, No. 2:02-cr-80810 (E.D. Mich. Nov. 20, 2003), ECF No. 74 (Page ID #214). The final co-conspirator, Damon Lamar Johnson pleaded guilty to two counts of carjacking, two counts of bank robbery, and one count of discharging a firearm during a crime

of violence, and the district court sentenced him to thirty-nine years' incarceration. *See* Judgment, *United States v. Johnson*, No. 2:02-cr-80810 (E.D. Mich. Mar. 29, 2004), ECF No. 82 (Page ID #237); Judgment, *United States v. Johnson*, No. 2:03-cr-80676 (E.D. Mich. Mar. 29, 2004), ECF No. 4 (Page ID #30); *see also* R. 158 (2004 Final PSR at 6) (Page ID #264). Tamika Owens was prosecuted in state court and served less than ten years' incarceration. R. 148-2 (Letter from former Judge Gleeson in Support of Mot. for Sentence Reduction at 3) (Page ID #172).

In February 2019, Owens filed a pro se motion asking the district court to "reconsider the current judgment in [his] case."[1] R. 138 (Pro Se Mot. at 1) (Page ID #81). Owens noted that he would not be subject to the same lengthy sentence if sentenced today because First Step Act § 403(a) amended 18 U.S.C. § 924(c) such that escalating mandatory-minimum sentences for a second or subsequent § 924(c) conviction applied only to a defendant who has a prior final § 924(c) conviction. *Id.* at 2–3 (Page ID #82–83). The district court appointed counsel for Owens and instructed counsel to "file a supplemental brief addressing the import, if any, of the First Step Act of 2018 on Defendant's sentence." R. 143 (Order Establishing Briefing Schedule) (Page ID #96). Owens then moved for compassionate release under 18 U.S.C. § 3582(c)(1) after thirty days had elapsed from when he submitted a request for compassionate release to the warden of his facility. R. 148 (Br. in Support of Mot. for Sentence Reduction at 15) (Page ID #146). Owens's counsel argued that the First Step Act's changes to § 924(c), the fact that Owens received an effective life sentence largely as a penalty for choosing to go to trial, and Owens's remarkable rehabilitation constituted extraordinary and compelling reasons for compassionate release. R. 148 at 15–16 (Page ID #146–47). Owens received a 105-year sentence for five counts of aiding and abetting the possession of a firearm in furtherance of a crime of violence, when under the First Step Act, the district court would be required to sentence him to only twenty-five years' incarceration. *Id.* at 16–18 (Page ID #147–49). Owens's counsel argued that his decision to reject the government's plea offers and proceed to trial resulted in the mandatory 105-year sentence for his § 924(c) convictions. *Id.* at 18–19 (Page ID #149–50). Finally,

---

[1]Owens seeks a form of relief referred to as the "*Holloway* doctrine," named after *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014), in which the district court, with the consent of the government and approval of the victims, vacated two of the defendant's § 924(c) convictions. Here, the government did not consent.

Owens's counsel emphasized Owens's remarkable record of rehabilitation. He completed the intensive Challenge Program and served as a mentor for the program for two years, has been consistently employed while incarcerated, and is housed in a medium-security prison, rather than a high-security prison, after BOP staff applied for a waiver on behalf of Owens. *Id.* at 19–21 (Page ID #150–52); *see also* R. 148-1 (Progress Rep. & Certificates) (Page ID #156–68).

The district court denied Owens's motion for compassionate release. R. 153 (Order Denying Mot. to Reduce Sentence) (Page ID #236–38). The district court concluded that the disparity between the sentence that Owens received and the sentence that he would receive today because of the First Step Act's amendments to § 924(c) was not an "extraordinary and compelling reason" to merit compassionate release. *Id.* at 2–3 (Page ID #237–38). "Congress expressly declined to make the changes to § 924(c) retroactive, and the Sixth Circuit has implicitly recognized as much." *Id.* at 2 (Page ID #237). Therefore, it would "circumvent congressional intent and guidance from the Circuit Court" to consider the First Step Act's changes to § 924(c) as an "extraordinary and compelling reason[]." *Id.* at 3 (Page ID #238). The district court did not consider Owens's evidence of rehabilitation or any other bases for a finding of extraordinary and compelling reasons, nor did the district court consider the 18 U.S.C. § 3553(a) factors. The district court denied Owens's motion for compassionate release based only on the first factor and did not reach the other factors. Owens now appeals.

## II. ANALYSIS

"We review a district court's denial of compassionate release for abuse of discretion." *United States v. Jones*, 980 F.3d 1098, 1112 (6th Cir. 2020). We review de novo questions of statutory interpretation, such as the meaning of "extraordinary and compelling reasons." *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020).

Two provisions of the First Step Act are relevant to Owens's appeal. First, the First Step Act permitted defendants to bring motions for compassionate release in federal courts. Previously, motions for release could be filed by only the Bureau of Prisons, and as a result, defendants seldom were released. *See* First Step Act § 603(b). Second, the First Step Act amended § 924(c) to eliminate the twenty-five-year mandatory-minimum stacked sentences for

defendants who had not been convicted previously of violating § 924(c).  *See* First Step Act § 403(a).

The statute governing compassionate release set forth three requirements for a district court to grant compassionate release.  First, "the court initially must 'find[]' that 'extraordinary and compelling reasons warrant such a reduction[.]'"  *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  Second, "the court next must 'find[]' 'that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]'"  *Id.* at 1005 (quoting 18 U.S.C. § 3582(c)(1)(A)).[2]  Finally, "the court may not grant the reduction before "considering the factors set forth in section 3553(a) to the extent that they are applicable[.]"  *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).  "[D]istrict courts may deny compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others."  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *see also Jones*, 980 F.3d at 1108; *Ruffin*, 978 F.3d at 1006.

Along with expanding access to compassionate release, First Step Act § 403 amended 18 U.S.C. § 924(c) to limit the mandatory-minimum sentences for some defendants with multiple convictions for using, carrying, or brandishing a firearm in furtherance of a crime of violence. Prior to the First Step Act, each additional § 924(c) conviction would result in a twenty-five-year mandatory-minimum sentence, regardless of whether the defendant had previously been convicted of a § 924(c) offense.  Now, the escalating mandatory-minimum sentences for a second or subsequent § 924(c) conviction apply only to defendants who have a prior final § 924(c) conviction.  If Owens were sentenced today under this framework, he would be subject to a total mandatory-minimum sentence of 300 months' incarceration for all five § 924(c) convictions.

Congress declined to make its First Step Act § 403's amendments to § 924(c) fully retroactive.  In a section entitled "Applicability to Pending Cases," Congress extended its changes to § 924(c) "to any offense that was committed before the date of enactment of this Act, if a sentence for the offense has not been imposed as of such date of enactment."  First Step Act,

---

[2]This requirement is inapposite in situations in which an inmate, rather than the BOP, files the compassionate-release motion.  *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021); *Jones*, 980 F.3d at 1108.

§ 403(b) (codified at 18 U.S.C. § 924 notes). We have interpreted this subsection to permit defendants to benefit from § 403 if they are awaiting resentencing upon the First Step Act's enactment, *United States v. Henry*, 983 F.3d 214 (6th Cir. 2020), but not to defendants whose cases were pending on direct appeal at the time of the Act's enactment, *United States v. Richardson*, 948 F.3d 733 (6th Cir.), *cert. denied,* 141 S. Ct. 344 (2020).

Owens was resentenced prior to the First Step Act's enactment, so he is not eligible for resentencing under § 403. Instead, Owens argues that this disparity between his actual sentence and the sentence that he would receive after the First Step Act, along with his remarkable rehabilitation and the lengthy 115-year sentence he received because of exercising his right to a trial, together constitute an extraordinary and compelling reason to justify compassionate release. We hold that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied.

Two recent cases, *United States v. Tomes*, 990 F.3d 500 (6th Cir. 2021), and *United States v. Wills*, 991 F.3d 720 (6th Cir. 2021), considered whether the impact of a reduction in the applicable mandatory-minimum sentence in a different provision of the First Step Act, § 401, was sufficient by itself to constitute an extraordinary and compelling reason for compassionate release under § 3582(c)(1)(A).[3] In *Tomes*, the defendant argued that his chronic asthma, which put him at increased risk of serious complications from COVID-19, and the disparity between his sentence and the sentence that he might have received if sentenced under the First Step Act were extraordinary and compelling reasons sufficient to support compassionate release. *Tomes*, 990 F.3d at 501. The panel in *Tomes* dismissed Tomes's chronic asthma complaint as "unpersuasive," because he did not provide adequate records to support his diagnosis and failed to show that the BOP could not control COVID-19 outbreaks. *Id.* at 504–05. Then, offering "[o]ne last point," the panel rejected Tomes's claim that First Step Act § 401 warranted his

---

[3]Although *Tomes* and *Wills* involve § 401 of the First Step Act, § 401 has an identically worded applicability provision to § 403, and we have analyzed the application of § 401 and § 403 through the same lens. *See United States v. Richardson*, 948 F.3d 733, 750 (6th Cir.), *cert. denied,* 141 S. Ct. 344 (2020).

compassionate release. *Id.* at 505. The panel noted that First Step Act § 401 by its terms applies only to sentences imposed prior to the Act's the effective date, December 21, 2018, but the district court sentenced Tomes on June 7, 2018. *Id.* The panel concluded that "we will not render § 401(c) useless by using § 3582(c)(1)(A) as an end run around Congress's careful effort to limit the retroactivity of the First Step Act's reforms." *Id.*

In *Wills*, the defendant filed a pro se motion for compassionate release that advanced only the disparity between his sentence and the sentence that he might receive under the First Step Act as an extraordinary and compelling reason for compassionate release. *Wills*, 991 F.3d at 722; *see* Pro Se Mot. for Compassionate Release, *United States v. Wills*, No. 2:16-cr-00055, 2020 WL 5800922 (E.D. Tenn. Sept. 28, 2020), ECF No. 1011 (Page ID #7185–87). The district court denied the motion, and Wills appealed pro se; the panel affirmed the district court's denial of Wills's motion for compassionate release. Although Wills cited other district court cases where district courts had found the First Step Act's amendments to be an extraordinary and compelling reason for release, "[t]he mere fact that a defendant cites other cases in which courts determined certain defendants to be deserving of different sentences does not demonstrate abuse of discretion in the instant case." *Wills*, 991 F.3d at 724 (quoting *United States v. Corp*, 668 F.3d 379, 393 (6th Cir. 2012)). In closing, the panel emphasized that "section 401 does not apply retroactively." *Id.*

Although *Wills* and *Tomes* bear upon Owens's case, Owens's circumstances are factually distinguishable. Owens points to the fact that his lengthy sentence resulted from exercising his right to a trial and to his rehabilitative efforts as additional factors that considered together constitute an extraordinary and compelling reason meriting compassionate release. Further, the district court in Owens's case did not consider these other factors and, instead, summarily concluded that his First Step Act § 403 argument was meritless.

The Tenth Circuit in *United States v. McGee*, 992 F.3d 1035 (10th Cir. 2021), recently considered a case substantially like Owens's and concluded that the First Step Act's changes to sentencing law may be considered by the district court in conjunction with other factors that constitute extraordinary and compelling reasons for compassionate release. In *McGee*, the defendant was serving a life sentence for a drug offense under 21 U.S.C. § 841, which provided

for mandatory life sentences for individuals convicted of two prior felony drug offenses. *Id.* at 1038. Under § 401 of the First Step Act and retroactive changes to California law, McGee would not be subject to this harsh mandatory sentence if he were sentenced today. *Id.* at 1039–40. In his motion for compassionate release, he argued that the fact that his sentence would be substantially lower if sentenced today because of the First Step Act and changes to California state law, his rehabilitative efforts, and his comprehensive plan for re-entry constituted extraordinary and compelling reasons for compassionate release. *Id.* The district court issued a form denial concluding that it had no authority to consider McGee's First Step Act § 401 argument because Congress had chosen not to make § 401 fully retroactive. *Id.* at 1040–41; Order on Mot. for Compassionate Release, *United States v. McGee*, 4:00-cr-00105 (N.D. Okla. Apr. 20, 2020), ECF No. 193.

The Tenth Circuit concluded, borrowing from our decision in *Tomes*, that Congress's subsequent decision to amend 21 U.S.C. § 841 could not, standing alone, establish extraordinary and compelling reasons for McGee's compassionate release. *McGee*, 992 F.3d at 1048. At the same time, the Tenth Circuit concluded that a district court has the authority to consider whether First Step Act § 401's changes to § 841 in combination with a defendant's unique circumstances could constitute an extraordinary and compelling reason for compassionate release. *Id.* Although "Congress chose not to afford relief to *all* defendants who, prior to the First Step Act, were sentenced to mandatory life imprisonment under § 841(b)(1)(A)," there is "nothing in § 401(c) or any other part of the First Step Act [that] indicates that Congress intended to prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to *some* of those defendants." *Id.* at 1047. The court emphasized "that Congress intended for § 3582(c)(1)(A) 'to provide a "safety valve" that allows for sentence reductions' to any defendant 'when there is *not* a specific statute that already affords relief but "extraordinary and compelling reasons" nevertheless justify a reduction.'" *Id.* at 1046 (quoting *United States v. McCoy*, 981 F.3d 271, 287 (4th Cir. 2020) (emphasis in original)). Further, the Tenth Circuit noted that Congress intended the First Step Act to expand access to compassionate release. *Id.* The court in *McGee* remanded the case to the district court to permit it to reconsider "whether, in McGee's case, there are unique circumstances that, in combination with the

mandatory sentence he received under § 841(b)(1)(A), constitute 'extraordinary and compelling reasons'" for compassionate release. *Id.* at 1048.

Under this framework, the Tenth Circuit in *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021), affirmed the district court's grant of compassionate release based on the combination of factors, including the defendant's young age (20) at the time of his sentence, the "incredibl[y]" lengthy sentence, and the fact that he would not be subject to such a long sentence if the First Step Act applied. *Id.* at 837. The Tenth Circuit noted that "the district court's decision indicates that its finding of 'extraordinary and compelling reasons' was based on its individualized review of all the circumstances of Maumau's case," and not on "general disagreement with the mandatory sentences that are required to be imposed in connection with § 924(c) convictions" or "solely upon its disagreement with the length of Maumau's sentence." *Id.*

Many district courts across the country have taken the same approach as *McGee* and *Maumau* and have concluded that a defendant's excessive sentence because of mandatory-minimum sentences since mitigated by the First Step Act may, alongside other factors, justify compassionate release. *See, e.g.*, *United States v. Nafkha*, No. 2:95-CR-00220-001, 2021 WL 83268, at *4 (D. Utah Jan. 11, 2021) (finding that the defendant's "young age at the time of sentencing, the incredible length of his sentence, and Congress's subsequent decision to amend § 924(c), considered together, establish extraordinary and compelling reasons for his compassionate release"); *United States v. Taniguchi*, No. 2-00-CR-50, 2020 WL 6390061, at *5 (S.D. Ohio Nov. 2, 2020) (finding that amendments to § 924(c), defendant's rehabilitation, defendant's health problems that increase his risk of complications from COVID-19, and the amount of time that the defendant has been incarcerated were extraordinary and compelling reasons for release); *United States v. Adams*, No. 3:00-cr-00697, 2020 WL 6063055, at *7 (D.N.J. Oct. 14, 2020) (finding "that the great disparity between Defendant's sentences before and after the elimination of the § 924(c) stacking provision is one factor that may be considered to determine whether his circumstances are extraordinary and compelling"); *United States v. Price*, No. 07-0152-06, 2020 WL 5909789, at **4–6 (D.D.C. Oct. 6, 2020) (finding that changes to the law, the disparity between the defendant's sentence and his co-defendants' sentences, and

his elevated risk of COVID-19 complications are extraordinary and compelling reasons for release); *United States v. Baker*, No. 10-20513, 2020 WL 4696594, at *4 (E.D. Mich. Aug. 13, 2020) (finding that the defendant's rehabilitation, his youth at the time of sentence, the length of his sentence, and the disparity between those sentenced before and after the First Step Act constituted extraordinary and compelling reasons); *United States v. Pollard*, No. 10-633, 2020 WL 4674126, at *7 (E.D. Pa. Aug. 12, 2020) (finding extraordinary and compelling reasons based on "the dramatic difference in the sentence Pollard would face if charged today, the evidence of rehabilitation and productive use of time while incarcerated, his stated plans for gainful employment upon release, and his lack of a prior criminal history"); *United States v. O'Bryan*, No. 96-10076-03, 2020 WL 869475, at *2 (D. Kan. Feb. 21, 2020) (holding that the defendant's rehabilitation and the First Step Act's changes to § 924(c) constitute extraordinary and compelling reasons); *United States v. Ezell*, No. 02-815-01, 2021 WL 510293, at *4 (E.D. Pa. Feb. 11, 2021) (same); *United States v. Hewlett*, No. 5:93-CR-00137, 2020 WL 7343951, at *6 (N.D. Ala. Dec. 14, 2020) ("[T]he court finds that Mr. Hewlett's extremely lengthy sentence, combined with his elevated risks from the current COVID-19 pandemic, support a finding of extraordinary and compelling circumstances warranting compassionate release."); *United States v. Kimbrough*, No. 1:93-cr-14, 2020 WL 6391171, at *7 (N.D. Ga. Aug. 3, 2020) (granting compassionate release "[b]ased primarily upon Defendant's serious medical conditions, considered in combination with" other factors, including "the fact that, if sentenced today for the same conduct, Defendant would be subject to a significantly lower mandatory term of imprisonment"); *United States v. Clausen*, No. CR 00-291-2, 2020 WL 4260795, at *7 (E.D. Pa. July 24, 2020) (finding extraordinary and compelling reasons based on "defendant's demonstrated rehabilitation and the stacked sentence he received under [the previous version of] 18 U.S.C. § 924(c)"); *Bellamy v. United States*, 474 F. Supp. 3d 777, 786 (E.D. Va. 2020) (finding that defendant's "relative youth at the time of the sentence, the overall length of the sentence, the disparity between his sentence and those sentenced for similar crimes after the FIRST STEP Act, and his rehabilitative efforts form an extraordinary and compelling basis for relief"); *United States v. Stephenson*, 461 F. Supp. 3d 864, 874 (S.D. Iowa 2020) (finding that defendant's rehabilitation, the dangers of COVID-19 to defendant, and the First Step Act's amendments to § 924(c) together are extraordinary and compelling reasons for release); *United*

*States v. Brown*, 457 F. Supp. 3d 691, 701 (S.D. Iowa 2020) (same); *United States v. Hope*, No. 90-cr-06108-2, 2020 WL 2477523, at *4 (S.D. Fla. Apr. 10, 2020) (holding that the defendant's health conditions, disparity between his sentence and the sentence that he would receive because of the First Step Act's amendments to 21 U.S.C. § 851, and his rehabilitation were extraordinary and compelling reasons for release). *Compare United States v. Wade*, No. 2:99-cr-00257, 2020 WL 1864906, at *6 (C.D. Cal. Apr. 13, 2020) (finding that defendant's rehabilitation and the First Step Act's amendments to § 924(c) are extraordinary and compelling reasons for release), *with United States v. Gaines*, No. 2:99-cr-00257, 2020 WL 4060552, at *5 (C.D. Cal. July 20, 2020) (finding that although the First Step Act's amendments to § 924(c) support compassionate release for the defendant, the defendant "has not presented evidence sufficient to establish a requisite second factor at this time—such as exemplary rehabilitation").

Our decisions in *Tomes* and *Wills* do not foreclose this middle path. In *Tomes*, the defendant was left with only his First Step Act § 401 sentencing argument after the panel concluded that he had not adequately alleged health conditions that put him at increased risk of COVID-19 complications. In *Wills*, the defendant's pro se motion for compassionate release raised only First Step Act § 401's changes to his sentencing statute. As explained above, Owens presented three factors that he asserted together warranted compassionate release. The district court here did not consider two of the factors Owens asserted and should have determined whether the combination of all three factors warranted compassionate release. In accordance with our holding that, in making an individualized determination about whether extraordinary and compelling reasons merit compassionate release, a district court may include, along with other factors, the disparity between a defendant's actual sentence and the sentence that he would receive if the First Step Act applied, we remand to the district court for further proceedings.

We make no attempt to appraise the merits of the other factors that Owens raises as extraordinary and compelling reasons for compassionate release, or whether these factors could, in combination with the First Step Act's changes to § 924(c), constitute an extraordinary and compelling reason for his compassionate release. The district court's order denying Owens's motion for compassionate release did not acknowledge all of the factors that Owens raised as extraordinary and compelling reasons together warranting compassionate release, nor did it

consider the § 3553(a) factors.  We therefore remand to the district court to permit it to consider whether Owens's rehabilitative efforts and the lengthy sentence he received because of exercising his right to a trial may, in combination with the First Step Act's changes to § 924(c), constitute an extraordinary and compelling reason for compassionate release.  The district court should also evaluate Owens's motion in light of our recently evolving caselaw regarding compassionate release.

## III.  CONCLUSION

For the foregoing reasons, we **REVERSE** the district court's order and **REMAND** for reconsideration consistent with this opinion of Owens's motion for compassionate release.

_____

**DISSENT**

_____

THAPAR, Circuit Judge, dissenting. When Congress passed the First Step Act, it reduced the mandatory-minimum sentences for some federal offenses. The reduced penalties applied retroactively, but only to defendants who had not yet been sentenced by the date of the First Step Act's enactment. Ian Owens was sentenced well before enactment and thus did not qualify for relief. So he moved for a reduction in his sentence based on the disparity between the sentence he received and the one prescribed by law today. Because the district court correctly held that Owens was not eligible for a reduced sentence, I would affirm.

A.

When a defendant like Owens moves for a reduced sentence under the "compassionate-release" statute, he must establish that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). If he cannot make this showing, he is not eligible for relief. *United States v. Ruffin*, 978 F.3d 1000, 1004 (6th Cir. 2020).

What are "extraordinary and compelling reasons"? That's a mixed question of law and fact. We review the district court's ultimate grant or denial of a reduction in sentence for abuse of discretion, but a court would abuse its discretion by relying on a legally impermissible consideration at any point in its analysis. And what counts as impermissible is a question of law we review de novo. *See id.* at 1005; *see also, e.g.*, *Audio Technica U.S., Inc. v. United States*, 963 F.3d 569, 574–75 (6th Cir. 2020) (explaining that any underlying legal conclusions are reviewed de novo even under the abuse-of-discretion standard).

We have already answered the legal question presented here: A sentencing disparity resulting from the First Step Act's reforms is not—as a matter of law—an extraordinary and compelling reason for a reduction in sentence. *See United States v. Tomes*, 990 F.3d 500, 505 (6th Cir. 2021); *United States v. Wills*, 991 F.3d 720, 724 (6th Cir. 2021). As we explained, a court does not have discretion to redefine ordinary circumstances as extraordinary, or to circumvent a contrary statutory command. And if a court considered the reduced penalties

prescribed by the First Step Act in the "extraordinary and compelling reasons" analysis, it would do both.

First, the disparity is not extraordinary. For better or worse, the First Step Act followed the "ordinary practice" of "apply[ing] new penalties to defendants not yet sentenced, while withholding that change from defendants already sentenced." *See Dorsey v. United States*, 567 U.S. 260, 280 (2012). And "[w]hat the Supreme Court views as the 'ordinary practice' cannot also be an 'extraordinary and compelling reason' to deviate from that practice." *Wills*, 991 F.3d at 724. Since sentencing disparities are a natural result of the First Step Act, they are not an extraordinary and compelling reason for a sentence reduction.

Second, courts may not use the compassionate-release statute to undermine the First Step Act's commands. Congress said the First Step Act's reforms applied retroactively to offenses committed before the Act was passed, but only "if a sentence for the offense ha[d] not been imposed as of [the] date of enactment." First Step Act, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194. By including this express and limited retroactivity provision, Congress deliberately declined to extend the reforms to defendants who (like Owens) had already been sentenced. Thus, we held that the compassionate-release statute does not allow courts to work an "end run around Congress's careful effort to limit the retroactivity of the First Step Act reforms." *Tomes*, 990 F.3d at 505.

## B.

As we have repeatedly said, a district court does not abuse its discretion when it gets the law right. *See, e.g.*, *United States v. Wright*, 991 F.3d 717, 720 (6th Cir. 2021). Although the district court did not have the benefit of these recent decisions when it denied Owens's motion, it correctly held that the First Step Act disparity was not an extraordinary and compelling reason for a sentence reduction. Indeed, it anticipated our reasoning almost exactly: It "decline[d] to use the 'extraordinary and compelling reasons' language to circumvent congressional intent" to limit the retroactive application of the First Step Act. R. 153, Pg. ID 237–38.

The majority says that the court erred by refusing to consider the sentencing disparity in its "extraordinary and compelling reasons" analysis. Exactly the opposite is true. We have

previously held that the First Step Act disparity is irrelevant to that analysis. *See Tomes*, 990 F.3d at 505. Given this precedent, it would be legal error—and thus an abuse of discretion—for a court to consider it anyway.

The majority tries to distinguish our published precedent by pointing to two other factors: Owens presented evidence that (1) he would have received a shorter sentence in exchange for a guilty plea, and (2) he was rehabilitated in prison. But these factors do not make the sentencing disparity relevant to the court's "extraordinary and compelling reasons" analysis; as a matter of law, it is not. And these other factors, even considered collectively, also fall short of the "extraordinary and compelling" standard for a reduction in sentence.

For starters, defendants who take plea bargains regularly receive more lenient sentences. The Supreme Court has described this tradeoff as "an inevitable—and permissible—attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) (cleaned up). While there may be policy arguments against this system, Owens's decision to reject the tradeoff is by no means extraordinary.

That just leaves Owens's rehabilitation in prison. While his rehabilitative efforts are commendable, Congress has explained that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." 28 U.S.C. § 994(t). Thus, the "context and the record make clear that the judge had a reasoned basis" for his decision, and he did not need to say anything more. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) (cleaned up); *see also Rita v. United States*, 551 U.S. 338, 356 (2007).

Because the majority's admonition to the district court is directly contrary to our precedent, I respectfully dissent.