NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0536n.06

No. 21-3431

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

UNITED STATES OF AMERICA,

       Plaintiff-Appellee,

v.

DARNELL ALEXANDER, JR.,

       Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Nov 22, 2021
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: COLE, GIBBONS, and LARSEN, Circuit Judges.

LARSEN, J., delivered the opinion of the court in which GIBBONS, J., joined in full, and COLE, J., joined in the result.

LARSEN, Circuit Judge. Darnell Alexander, Jr. is serving a 120-month sentence in federal prison. He filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), which required him to show that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). Alexander offered three reasons to meet this requirement: "1) the COVID-19 pandemic and his health conditions; 2) the Sixth Circuit's recent decisions that [affected Alexander's] career-offender designation; and 3) the failing health of his mother." The district court disagreed that Alexander's reasons were "extraordinary and compelling" and thus denied his motion. Alexander appeals. We AFFIRM.

We review for an abuse of discretion, *see United States v. Tomes*, 990 F.3d 500, 502 (6th Cir. 2021), and we see none. Regarding the COVID-19 virus and Alexander's health conditions, "a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to

the COVID-19 vaccine—does not present an 'extraordinary and compelling reason' warranting a sentence reduction." *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Alexander is fully vaccinated. As to Alexander's claim that his Sentencing Guidelines range would be lower under current law, a non-retroactive change in the law, whether through statutory amendment or caselaw, does not constitute an "extraordinary and compelling reason." *United States v. Hunter*, 12 F.4th 555, 564–66 (6th Cir. 2021); *see also id.* at 564 n.4 (recognizing that the court must follow *Tomes* and *United States v. Jarvis*, 999 F.3d 442 (6th Cir. 2021), rather than *United States v. Owens*, 996 F.3d 755 (6th Cir. 2021)). Finally, as to Alexander's understandable desire to care for his mother, who is in declining health, the district court concluded that Alexander had failed to explain why his siblings and other relatives could not care for her. Alexander does not rebut this conclusion on appeal. So whether taken alone or in combination, we see no abuse of discretion in the district court's conclusion that these reasons are not extraordinary and compelling. We AFFIRM the judgment of the district court.