NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0011n.06

No. 20-1665

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jan 05, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| VLADIMIR MANSO-ZAMORA, | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Before: COLE, LARSEN, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Vladimir Manso-Zamora participated in three violent robberies and has many decades left on his nearly 65-year sentence. While in prison, he learned that he suffers from certain health conditions that allegedly heighten his risks from COVID-19. He also asserts that he has greatly rehabilitated himself and that the First Step Act's sentencing changes, if they applied to him, would have shaved off 30 years from his sentence. For all three reasons, he asked the district court to grant him "compassionate release" under 18 U.S.C. § 3582(c)(1)(A). The court denied relief because Manso-Zamora had served only a small fraction of a sentence imposed for serious crimes. Finding no abuse of discretion in this denial, we affirm.

I

Throughout 2009, gang members in Lansing, Michigan, violently robbed many retail establishments, including party stores, restaurants, gas stations, and a check-cashing business. Police eventually identified the culprits, including Manso-Zamora. He participated in three of

these robberies—those of a party store, a taco restaurant, and a hotel. The robbers brandished firearms during all three robberies. A robber at the taco restaurant beat up an employee and shot a gun in the air. A robber fleeing from the hotel robbery shot at the construction workers who tried to stop him. Manso-Zamora, who worked at the hotel, helped plan this robbery.

The government charged Manso-Zamora with one overarching count for conspiring to rob these businesses and with one additional count per robbery. These four counts asserted violations of the Hobbs Act. 18 U.S.C. § 1951(a). For each of the three robberies, the government also charged Manso-Zamora with a count of brandishing or discharging a firearm in furtherance of a "crime of violence" (or aiding and abetting that conduct). 18 U.S.C. § 924(c)(1)(A)(ii)–(iii). A jury found him guilty on all seven counts.

Manso-Zamora faced a lengthy sentence. The three crime-of-violence offenses under § 924(c) came with one mandatory-minimum term of 7 years (84 months) and two mandatory-minimum terms of 25 years (300 months). *See id.* § 924(c)(1)(A)(ii), (c)(1)(C)(i). Section 924(c) required Manso-Zamora to serve these sentences consecutive to each other and to the sentence for his four Hobbs Act convictions. *Id.* § 924(c)(1)(D)(ii). His guidelines range for those four convictions fell between 92 and 115 months, so his total range fell between 776 and 799 months. The district court imposed a prison term at the bottom of this range: 776 months (just under 65 years). We affirmed Manso-Zamora's convictions and sentence. *United States v. Manso-Zamora*, 2013 U.S. App. LEXIS 26384, at *11 (6th Cir. Sept. 9, 2013) (order).

During the probation office's presentence investigation, Manso-Zamora reported to be in good health. Years into his prison term, however, he learned that he suffers from ulcerative colitis (an inflammatory bowel disease that produces ulcers in the digestive tract and can lead to debilitating pain) and aplastic anemia (a condition that inhibits the production of blood cells and

that can leave an individual fatigued and susceptible to infections and uncontrolled bleeding). Manso-Zamora has been hospitalized several times for these conditions, which have required blood transfusions. With appropriate medical care, though, Manso-Zamora's health has stabilized. His medical records note that he is "[a]ble to carry on normal activity" and show that medical personnel have adequately attended to his conditions. Med. Rec., R.452-4, PageID 5138.

Manso-Zamora has now served about 10 years of his nearly 65-year sentence. In June 2020, he sought compassionate release under 18 U.S.C. § 3582(c)(1)(A). He offered three reasons for this relief. He initially asserted that his health conditions put him at a greater risk of serious illness or death should he get COVID-19 in prison. He next summarized his rehabilitative efforts over the last decade. He lastly pointed to the First Step Act's amendments to the crime-of-violence statute (§ 924(c)). At the time of his sentencing, this statute required him to serve a minimum 25-year sentence for "second or subsequent" § 924(c) convictions. 18 U.S.C. § 924(c)(1)(C)(i) (2012). That is why his second and third § 924(c) convictions each came with 25-year mandatory-minimum sentences. Yet the First Step Act amended this provision to require a 25-year minimum term only for subsequent offenses that occur after an earlier § 924(c) conviction "has become final[.]" First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5194, 5221–22. Manso-Zamora had no previous *final* convictions under § 924(c) at the time of his robberies. Although Congress decided not to make this change retroactive to cover him, the change would have reduced the minimum sentence for his second and third § 924(c) convictions from 25 years to 10 years. *Compare* 18 U.S.C. § 924(c)(1)(A)(iii), *with id.* § 924(c)(1)(C)(i).

The district court denied relief to Manso-Zamora. It reasoned that he had received medical treatment for his colitis and anemia and otherwise appeared in good health. It added that Manso-

Zamora had over 40 years left to serve, so he was not a "good candidate" for release. Manso-Zamora appeals.

## II

When a defendant files a motion for a reduced sentence under 18 U.S.C. § 3582(c)(1)(A), a district court may grant the defendant so-called "compassionate release" (a phrase not used in the statute) if the court finds two things. *See United States v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021); *United States v. Ruffin*, 978 F.3d 1000, 1004–06 (6th Cir. 2020). The court must conclude both that "extraordinary and compelling reasons warrant such a reduction" and that the reduction would comport with the "applicable" sentencing factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i); *see Elias*, 984 F.3d at 519–20. (The statute also requires a district court's reduced sentence to be consistent with the Sentencing Commission's "applicable policy statements," but the Commission has presently issued no policy statement that applies to defendant-filed motions like Manso-Zamora's in this case. *See Elias*, 984 F.3d at 519–20.)

The statute says that a district court "may" reduce a sentence if it finds that a defendant has met these two requirements, 18 U.S.C. § 3582(c)(1)(A), so it grants district courts "substantial discretion" over whether or how to deny relief, *United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) (citation omitted). A district court thus may deny a compassionate-release motion by finding that the defendant cannot meet one of the two requirements without considering the other one. *See id.* at 718; *United States v. Navarro*, 986 F.3d 668, 672 (6th Cir. 2021). The court, for example, may deny relief by concluding that no extraordinary and compelling circumstances exist—without considering the proper balance of the § 3553(a) factors. *See Elias*, 984 F.3d at 520–21. Or it may deny relief by concluding that the § 3553(a) factors do not warrant it—without

considering whether extraordinary and compelling circumstances exist. *See Ruffin*, 978 F.3d at 1008; *see also United States v. Keefer*, 832 F. App'x 359, 363 (6th Cir. 2020) (citing cases).

In light of this latitude, we review a district court's denial of relief only for an abuse of discretion. *Ruffin*, 978 F.3d at 1005. And the court does not abuse its discretion simply because it fails to issue a lengthy opinion explaining why it rejected each of the defendant's arguments. *See Keefer*, 832 F. App'x at 363. The court need only provide enough detail to show us that it "considered the parties' arguments and ha[d] a reasoned basis" for its decision. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1967 (2018) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)); *see Navarro*, 986 F.3d at 672. When deciding whether a district court has done so, we consider the "record as a whole," including "the record from the initial sentencing[.]" *Chavez-Meza*, 138 S. Ct. at 1967. The original sentencing may be particularly helpful to illustrate the basis for the court's decision "when the district judge who sentenced the defendant is the same judge who considers the defendant's reduction-of-sentence motion." *Keefer*, 832 F. App'x at 363.

Applying these principles here, we see no abuse of discretion in the district court's denial of Manso-Zamora's motion when considering the "context and the record" as a whole. *Chavez-Meza*, 138 S. Ct. at 1966 (citation omitted). To be sure, as in other cases, the court's two-page opinion is not a model of clarity on the specific grounds on which it denied relief. *See Keefer*, 832 F. App'x at 364; *cf. Navarro*, 986 F.3d at 671–72; *United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020). Was it because Manso-Zamora had not shown extraordinary and compelling reasons? Or because he did not warrant relief as a discretionary matter under the § 3553(a) factors? Or both? Yet, as in these other cases, the court's opinion is best read to have denied relief, at least in part, under the § 3553(a) factors. *See Keefer*, 832 F. App'x at 364. The court reasoned that Manso-Zamora was not a "good candidate" to be released because he had

"more than 40 years" left on his sentence "for a series of violent" robberies. Order, R.453, PageID 5169; *see Wright*, 991 F.3d at 719. We have recognized that various § 3553(a) factors (such as the "need to provide just punishment" and "to reflect the seriousness of the offense") allow a court to consider the "amount of time" that a defendant has left to serve on a sentence "when deciding whether to grant a sentence reduction." *Ruffin*, 978 F.3d at 1008 (quoting *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (order)); *see* 18 U.S.C. § 3553(a)(2)(A). And, of course, the violent nature of Manso-Zamora's robberies has great relevance to a balancing of the § 3553(a) factors. *See* 18 U.S.C. § 3553(a)(1); *cf. United States v. Bass*, 17 F.4th 629, 638–39 (6th Cir. 2021).

A broader lens confirms that the court reasonably denied relief under the § 3553(a) factors. The judge who rejected Manso-Zamora's motion was the same judge who sentenced him. *Cf. Navarro*, 986 F.3d at 671–72. At sentencing, the court had before it a lengthy presentence report outlining Manso-Zamora's crimes and criminal history. Although the court characterized Manso-Zamora's nearly 65-year prison term as an effective life sentence, it again stressed the violent nature of his crimes. The court discussed the "physical confrontation" at the taco restaurant, which had been caught on a "vivid tape" showing a robber tossing around a victim. Sent. Tr., R.338, PageID 4461. The court also explained that another robber had fired shots during the hotel robbery, exposing "lots of people to injury and risk[.]" *Id.*, PageID 4462. It added that Manso-Zamora had even worked at the hotel and sought to "take advantage of [his] employer and coworkers" through "a rather brazen inside job." *Id.*, PageID 4461–62.

Given this record, the district court did not need to issue a "lengthy explanation" to deny relief in Manso-Zamora's "conceptually simple" case. *Chavez-Meza*, 138 S. Ct. at 1964, 1966 (citation omitted); *see Navarro*, 986 F.3d at 672. The court's opinion shows us what its "reasoned

basis" for denying relief was. *Chavez-Meza*, 138 S. Ct. at 1967 (citation omitted). All told, it held that the short amount of time that Manso-Zamora had served combined with the violent nature of his crimes made his release inappropriate, even when considering the other factors on which Manso-Zamora relied (such as his health problems). The court did not abuse its discretion by balancing the relevant § 3553(a) factors in this fashion. *See Ruffin*, 978 F.3d at 1008–09.

Manso-Zamora's three arguments in response do not prove otherwise. *First*, he argues that the district court failed to consider his "extraordinary and compelling" health risks from COVID-19. To the contrary, the court recognized that Manso-Zamora had health conditions but noted that he has sought and received proper treatment. His more recent medical records also show that his conditions have stabilized. Regardless, we need not decide whether the district court properly rejected Manso-Zamora's claim that his health conditions qualified as extraordinary and compelling circumstances. Even if they did, the court retained residual discretion to deny relief based on the § 3553(a) factors alone. *See Keefer*, 832 F. App'x at 365.

*Second*, Manso-Zamora argues that the district court ignored that his sentence would have been much shorter under the First Step Act's recent amendments. Our court has sent mixed messages over whether these types of nonretroactive sentencing amendments can help prove that "extraordinary and compelling" circumstances exist. *Compare United States v. Jarvis*, 999 F.3d 442, 443–46 (6th Cir. 2021), *with United States v. Owens*, 996 F.3d 755, 763–64 (6th Cir. 2021). But the district court's distinct denial of relief under the § 3553(a) factors avoids this debate over what qualifies as extraordinary and compelling circumstances. And the court's consideration of the § 3553(a) factors did not ignore this argument. The court expressly relied on the lengthy amount of time that Manso-Zamora had left to serve as the basis to deny relief, showing that it was unmoved by Manso-Zamora's claim about sentencing changes that did not apply to him. The court

also could reasonably reject Manso-Zamora's First Step Act argument under the § 3553(a) factors. It could find that allowing Manso-Zamora to take advantage of nonretroactive sentencing changes would produce unfair sentencing disparities as compared to other similarly situated defendants whose sentences have also become final and who likewise cannot take advantage of the changes. *See United States v. Maxwell*, 991 F.3d 685, 692–93 (6th Cir. 2021); *United States v. Ware*, 964 F.3d 482, 489 (6th Cir. 2020); 18 U.S.C. § 3553(a)(6).

*Third*, Manso-Zamora criticizes the district court for not *expressly* referring to his rehabilitative efforts in its written opinion. Manso-Zamora is correct to argue that a court should consider all relevant § 3553(a) factors. But he is wrong to argue that the court's opinion needs to expressly mention every factor. *See United States v. Taylor*, 858 F. App'x 810, 813–14 (6th Cir. 2020) (citing cases). Following the Supreme Court's lead, we have held that even a form order can suffice when the record allows us to identify the basis for a denial of relief. *Navarro*, 986 F.3d at 671–72 (citing *Chavez-Meza*, 138 S. Ct. at 1966–68). And here, it is obvious that the district court found that Manso-Zamora's rehabilitative efforts did not justify relief when balanced against the small fraction of time that he has served for violent crimes. The court did not need to expressly say so. *See Taylor*, 858 F. App'x at 813–14.

We affirm.