In the

# United States Court of Appeals

## For the Seventh Circuit

No. 17-3318

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

TONY SPARKMAN,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 09-cr-332 — **Joan B. Gottschall**, *Judge.*

ARGUED MAY 13, 2020 — DECIDED SEPTEMBER 3, 2020

Before RIPPLE, BARRETT, and BRENNAN, *Circuit Judges.*

BARRETT, *Circuit Judge.* Section 403 of the First Step Act of 2018 amended the mandatory minimum sentence for certain firearm offenses. Sentencing reform is generally prospective, but these amendments also apply to an offense committed before enactment "if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222 (codified at

18 U.S.C. § 924 note). Tony Sparkman's sentence was pending on appeal on the date of enactment, and, as he sees it, this means that he is entitled to be resentenced with the benefit of the statute's reforms. But our circuit rejected this very argument in *United States v. Pierson*, which holds that "a sentence is 'imposed' in the district court, regardless of later appeals." 925 F.3d 913, 927 (7th Cir. 2019). The district court sentenced Sparkman before the statute passed, so the First Step Act does not apply to him.

## I.

Tony Sparkman belonged to a gang that conspired to kidnap and rob drug dealers for money and drugs. The gang was responsible for murders, kidnappings, and robberies, and Sparkman was directly involved in at least two kidnappings in which firearms were used to threaten the victims. He was indicted for and convicted of several federal offenses, including racketeering, drug crimes, and two counts of using a firearm to commit a kidnapping in violation of 18 U.S.C. § 924(c).

A conviction for a single count of using a firearm to commit a crime of violence like kidnapping carries a mandatory minimum penalty of five years' imprisonment. *Id.* § 924(c)(1)(A)(i). That mandatory minimum is elevated to seven years if the firearm is "brandished" during the course of the crime. *Id.* § 924(c)(1)(A)(ii). Before the First Step Act, a second violation of § 924(c) triggered a much higher 25-year mandatory minimum, even if the two counts were asserted in a single indictment. The First Step Act amended § 924(c) so that only a second § 924(c) violation committed after a prior *conviction* for the same offense will trigger the 25-year minimum. First Step Act § 403(a); *see United States v. Davis*, 139 S. Ct. 2319, 2324 n.1 (2019).

Sparkman was initially sentenced in 2012—years before the enactment of the First Step Act. The court calculated that he was subject to a mandatory minimum of 42 years' imprisonment: 10 years for the various racketeering and drug charges, 7 years for the first firearm offense because the court determined that it had involved brandishing a weapon, and 25 years for the second firearm offense. The district court sentenced Sparkman to that mandatory minimum of 42 years.

Sparkman and several of his codefendants appealed their convictions and sentences. *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016). Among other arguments, we reviewed a challenge to their sentences based on the Supreme Court's decision in *Alleyne v. United States*, which held that brandishing is an element of the § 924(c) offense that must be found by a jury. 570 U.S. 99, 115 (2013). In Sparkman's case, the court rather than the jury had found the element of brandishing. *Cardena*, 842 F.3d at 1000–02. We therefore vacated his sentence and remanded so that he could be resentenced without the brandishing enhancement for his first firearm offense.

In October 2017, the district court resentenced Sparkman following our instructions in *Cardena*. Without the brandishing enhancement for the first firearm offense, Sparkman's total sentence dropped from 42 to 40 years. In November 2017, Sparkman filed a notice of this appeal. Before Sparkman filed his opening appellate brief, the First Step Act became law. He now argues that he should be resentenced yet again with the benefit of section 403 of the Act.

## II.

Before we turn to his sentencing challenge, we must briefly address Sparkman's challenge to his underlying conviction. Among other offenses, Sparkman was convicted of two counts of using a firearm to commit a "crime of violence," as defined in 18 U.S.C. § 924(c)(3). In his first appeal, Sparkman had argued that the residual clause in the statutory definition of "crime of violence" was unconstitutionally vague. He had not raised the issue at trial before the court instructed the jury, so we reviewed his argument for plain error. *Cardena*, 842 F.3d at 997; *see United States v. Olano*, 507 U.S. 725, 734 (1993). We agreed that the residual clause was unconstitutional, but we concluded that he had failed to show that the court's erroneous jury instructions affected his substantial rights. *Cardena*, 842 F.3d at 998. Now Sparkman argues for the first time that the court's error was structural and therefore inherently prejudicial.

The time has long passed for Sparkman to introduce this new argument. The law of the case doctrine bars parties from changing their litigation positions on successive appeals "except where justified by intervening authority, new and previously undiscoverable evidence, or other changed circumstances." *United States v. Sumner*, 325 F.3d 884, 891 (7th Cir. 2003). Sparkman concedes that he has never before argued that this error was structural but asserts that he has "intervening authority" on his side. He points to the Supreme Court's decision in *Davis*, 139 S. Ct. 2319, which validated our conclusion in *Cardena* that the residual clause of § 924(c)(3) is unconstitutionally vague. *Davis*, however, does not add any force to Sparkman's claim of structural error; in fact, it does not mention structural error at all. *Davis* is not intervening authority

that justifies Sparkman's change in litigation position. The law of the case bars his new argument.

We note, though, that this argument would fail on the merits in any event. The Supreme Court has held that when a court instructs the jury on alternative theories of guilt and one theory is later invalidated, no structural error has occurred. *Hedgpeth v. Pulido*, 555 U.S. 57, 61–62 (2008). Sparkman's conviction stands.

### III.

We now turn to Sparkman's primary argument: that he must be resentenced for a third time so that he can receive the benefit of section 403 of the First Step Act. In general, a statute adopting new, more lenient penalties does not apply to pre-enactment offenses unless retroactive application is the "plain import" or "fair implication" of the new statute. *Dorsey v. United States*, 567 U.S. 260, 275 (2012); *see* 1 U.S.C. § 109. Retroactive application is the "plain import" of section 403 because it explicitly covers pre-Act conduct—but only "if a sentence for the offense has not been imposed as of such date of enactment." First Step Act of 2018, Pub. L. No. 115-391, § 403(b), 132 Stat. 5194, 5222. Sparkman's eligibility for resentencing rides on whether this language applies to his second firearm offense.

Sparkman argues that a sentence is not "imposed" until it reaches final disposition in the highest reviewing court. As of the date of enactment, Sparkman's initial sentence had been vacated, he had been resentenced, and his case was pending on appeal. Sparkman argues that the pending appeal means that no sentence had been "imposed" as of the date of enactment.

We rejected Sparkman's reading of the statute in *United States v. Pierson*, 925 F.3d 913, 927–28 (7th Cir. 2019), *vacated on other grounds*, 140 S. Ct. 1291 (2020).[1] Pierson's case was pending on appeal on the date of enactment, and he claimed that his sentence had not been "imposed" because his case had not reached final disposition. We disagreed. Focusing on the ordinary legal usage of the word "imposed," we held that a sentence is "imposed" when the district court sentences the defendant, "regardless of later appeals." *Id.* at 927. We therefore concluded that a sentence had been imposed in Pierson's case, notwithstanding his pending appeal. *See also United States v. Jackson*, 940 F.3d 347 (7th Cir. 2019) (reaching the same conclusion).

Sparkman's efforts to distinguish *Pierson* are unpersuasive. He points out that *Pierson* dealt with a different provision of the First Step Act—section 401, which amended sentences for certain drug offenses, rather than section 403, which applies to firearms. But both sections use identical language to address sentencing for pre-enactment offenses. *See* First Step Act §§ 401(c), 403(b). And "identical words used in different parts of the same statute are generally presumed to have the same meaning." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34 (2005). Sparkman offers no reason to deviate from that presumption or to part ways with the other circuits that have applied the reasoning of *Pierson* to section 403. *See, e.g., United States v. Jordan*, 952 F.3d 160, 172 (4th Cir. 2020); *United States v. Richardson*, 948 F.3d 733, 748–50 (6th Cir. 2020). Precedent

---

[1] The Supreme Court granted certiorari in *Pierson*, vacated the judgment, and remanded the case based on an entirely separate ground. 140 S. Ct. 1291 (2020). The vacatur did not call into question *Pierson*'s analysis of the First Step Act.

forecloses Sparkman's argument that he is entitled to the First Step Act's more lenient penalty for his second firearm offense.

\* \* \*

Because section 403 of the First Step Act does not apply to Sparkman, we AFFIRM the district court's judgment.