NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 3, 2021*
Decided August 13, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 20-2647

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-cr-79-bbc |
| LARRY SULLIVAN, *Defendant-Appellant*. | Barbara B. Crabb, *Judge*. |

**O R D E R**

About 9 years into his 14-year sentence for distributing cocaine while on state supervision, Larry Sullivan moved for compassionate release, citing health problems—including obesity, asthma, and diabetes—and COVID-19. The district court denied the motion. The judge first concluded that Sullivan's conditions, together with the pandemic, constituted an "extraordinary and compelling reason" for reducing his sentence. Nonetheless, the judge decided that the reduction was undeserved because

---

* We previously granted the appellee's unopposed motion to waive oral argument. Thus, this appeal was submitted on the briefs and the record. FED. R. APP. P. 34(f).

Sullivan could neither show that he was not a danger to society as required by the policy statement in § 1B1.13 of the Sentencing Guidelines, nor that the sentencing factors under 18 U.S.C. § 3553(a) supported his release. On appeal Sullivan contends that the judge inappropriately relied on the policy statement. Any error, however, is harmless in light of the widespread availability of the COVID-19 vaccine in prisons, *see United States v. Broadfield*, No. 20-2906, 2021 WL 3076863, at *2 (7th Cir. July 21, 2021), and the judge's sound conclusion that release was unwarranted in light of the § 3553(a) factors. We affirm.

Sullivan pleaded guilty in 2011 to one count of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The judge sentenced him to 168 months in prison—a term below the applicable range under the Sentencing Guidelines of 188 to 205 months—and six years of supervised release. Sullivan is in custody at the Federal Correctional Institution Duluth, a minimum-security facility in Minnesota. His projected release date is in October 2023, but good-time credit might entitle him to an earlier release.

Sullivan moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A)—on his own in April 2020 and with the assistance of counsel in May. He argued that he faces an increased risk of severe illness or death from COVID-19 because he is morbidly obese (has a BMI of 48.6) and has several health problems, including asthma and diabetes. Sullivan further contended that he was likely to contract the virus because at the time of his motion, he was in custody at FCI-Elkton in Ohio, the federal facility with "the most inmate deaths from coronavirus."

The government opposed the motion. Stipulating that Sullivan's health and the conditions at Elkhart presented a compelling reason for early release, the government argued that Sullivan should not be released because he is a danger to society. For support the government pointed to Sullivan's criminal history (including theft and firearm offenses, disorderly conduct, domestic abuse, assault, and distributing cocaine) and poor compliance with state supervision (selling cocaine while awaiting sentencing for a state drug offense and during a term of state probation).

The judge denied the motion, and Sullivan moved to reconsider. He argued that the conditions at FCI-Elkhart were getting worse, and he added that his rehabilitative efforts supported release: Since being transferred from state to federal prison in 2016, he had joined drug-treatment programs, taken courses to obtain his GED, and maintained a clean disciplinary record. In any case, Sullivan argued, his obesity and health problems would limit his mobility, making it difficult to reoffend.

The judge denied the motion to reconsider. She accepted the government's concession that Sullivan's conditions qualified as a compelling reason for release. But applying the policy statement of § 1B1.13,[1] she reasoned that release was unwarranted because Sullivan could not show "both that he is no longer a danger to the community or to the safety of others and that the § 3553(a) factors weigh in favor of his release." She pointed to Sullivan's criminal history, his decision to sell cocaine while on supervision, and the "significant period" left on his sentence. She expressed concern that although Sullivan was "trying to make changes in his life" by completing coursework and avoiding trouble, it was "not clear yet whether he can continue on that same path when he is released," especially considering that his previous convictions did not deter him from "returning repeatedly to criminal activity." Nor was the judge swayed that Sullivan's obesity and health problems would prohibit him from returning to crime; she pointed out that he had committed previous crimes when he weighed 315 pounds and had asthma and high blood pressure.

Before addressing the merits, we pause to discuss mootness. After Sullivan appealed, he was transferred from FCI-Elkhart to FCI-Duluth, which raises the question whether his request for release from Elkhart is moot. Although Sullivan moved for compassionate release in part because of the particularly bad outbreak of COVID-19 at Elkhart, his argument is also more general in that he seeks release from any federal prison based on the risk of contracting COVID-19 because social distancing is impossible in prison. Thus, the transfer did not moot Sullivan's case. *See Lehn v. Holmes*, 364 F.3d 862, 871–72 (7th Cir. 2004) (holding that a transfer will moot a prisoner's appeal only if the challenge is specific to the prior facility). Nor does it affect our conclusion that Sullivan no longer has a compelling reason for release given that vaccines are readily available in all federal prisons. *See Broadfield*, 2021 WL 3076863, at *2.

As to the merits, Sullivan raises only one challenge—that the judge erred by requiring him to show pursuant to § 1B1.13 that he is no longer a danger to society. Sullivan is correct that the judge made a legal error by treating § 1B1.13 as binding on her decision to grant compassionate release. That provision—which mandates that an inmate seeking compassionate release show that he does not pose a danger to the community—applies when the Bureau of Prisons moves for compassionate release on behalf of a prisoner, not when the inmate seeks relief himself. *See United States v. Gunn*,

---

[1] In what appears to be a typographical error, the order refers to "U.S.S.G. § 1B1.1" for this proposition.

980 F.3d 1178, 1180 (7th Cir. 2020). The judge here imposed a burden on Sullivan that the statute does not, and she needlessly cabined her own discretion. *United States v. Black*, 999 F.3d 1071, 1074 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180 (noting that the judge's discretion can be guided but is not limited by § 1B1.13).

However, for two reasons this error does not require reversal. First, for most prisoners the availability of vaccines for COVID-19 "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release," a development that renders the judge's error harmless. *Broadfield*, 2021 WL 3076863, at *2; *see also United States v. Sanders*, 992 F.3d 583, 588 n.3 (7th Cir. 2021) (applying harmless-error review to a judge's denial of a § 3582(c) motion based in part on improper application of § 1B1.13). Although *Broadfield* leaves open the possibility that prisoners who are unable, medically or otherwise, to receive the vaccine may be able to show extraordinary and compelling circumstances for release, nothing in this record suggests that Sullivan is in that category. And it appears that both FCI-Elkhart and FCI-Duluth have fully vaccinated the majority of their inmates. Elkton reports that it has fully vaccinated 1,109 of its 1,379 inmates, and Duluth has vaccinated 185 of its 289 inmates. *See* FED. BUREAU OF PRISONS, *COVID-19*, https://www.bop.gov/coronavirus/ (last visited Aug. 10, 2021).

In any case, the error in treating the policy statement as binding is also harmless in light of the judge's conclusion that the § 3553(a) factors prevented Sullivan's release. A judge may grant a motion for compassionate release only when the § 3553(a) sentencing factors support doing so, § 3582(c)(1)(A), and the judge here reasonably found that these factors did not. She emphasized the seriousness of Sullivan's crimes and criminal history, § 3553(a)(1), (a)(2)(A), including that he committed some of his offenses while on state supervision. She expressed concern that releasing Sullivan would not adequately deter future criminal conduct, highlighting that neither his past convictions nor his health problems had prevented him from returning to crime in the past. § 3553(a)(2)(B). She permissibly noted that Sullivan had served only a portion of his already below-Guidelines sentence. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021). Finally, she considered Sullivan's personal characteristics, including his many medical issues and his efforts at rehabilitation, § 3553(a)(1), and concluded that those factors did not outweigh the need for continued incarceration.

Sullivan counters that the judge's analysis was not a discussion of the sentencing factors at all but rather an explanation of how she determined that Sullivan "had failed to meet his non-existent burden of proving that he was not a danger to the community."

Sullivan argues that the judge did not "link up any of [her] conclusions to any identified factor in § 3553(a)."

This argument is unconvincing. Although the judge did not cite each sentencing factor when listing the reasons Sullivan should not be released, she was not required to do so. Even at a defendant's original sentencing, the judge need not mention each § 3553(a) factor so long as she sets forth enough to satisfy this court that she has considered the parties' arguments and has a reasoned basis consistent with § 3553(a) for imposing the sentence. *United States v. Sanchez*, 989 F.3d 523, 540 (7th Cir. 2021) (citing *Rita v. United States*, 551 U.S. 338, 356 (2007)). And when denying a motion for compassionate release, even "one good reason … is enough." *United States v. Ugbah*, No. 20-3073, 2021 WL 3077134, at *2 (7th Cir. July 21, 2021). The judge surpassed that bar here: She concluded that Sullivan "cannot" show "that the § 3553(a) factors weigh in favor of his release at this time" and explained that his history, the time remaining on his sentence, and the need for deterrence together disfavored his release. In any case, whether someone poses a danger to the community directly overlaps with the sentencing factors of deterrence, criminal history, and the need to protect the public; in light of that overlap, it is absurd to suggest that the judge could have focused on Sullivan's dangerousness without having also considered these factors.

AFFIRMED