**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 8, 2021[*]
Decided August 26, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 20-3210

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:10-cr-30085-NJR-1 |
| JOSHUA BURGARD, *Defendant-Appellant*. | **Nancy J. Rosenstengel**, *Chief Judge*. |

## O R D E R

Joshua Burgard, a federal inmate who has asthma and takes prescription medications, appeals the denial of his motion for compassionate release based on the risk of severe complications if he contracted COVID-19. The district court, confining itself to the parameters of a non-binding policy statement in the Sentencing Guidelines, concluded that he lacked extraordinary and compelling reasons for relief. Despite this

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

error, we affirm because the widespread availability of the COVID-19 vaccine within the Federal Bureau of Prisons likely eliminates Burgard's stated reason for release.

Burgard, imprisoned at the Federal Correctional Institution Elkton in Ohio, moved for compassionate release in September 2020, after he had served about two-thirds of his 210-month sentence for receiving child pornography. *See* 18 U.S.C. § 2252(a)(2). In two filings, he contended that his health concerns were "extraordinary and compelling reasons" for early release. *See* 18 U.S.C. § 3582(c)(1)(A)(i). He asserted that his asthma placed him at an increased risk for complications from COVID-19, as did the potential side effects from his prescription medications: an albuterol inhaler for the asthma and venlafaxine for his attention deficit hyperactivity disorder. He further noted that the prison had already classified him as "medically vulnerable" to the virus.

The district court disagreed that Burgard's health conditions presented extraordinary and compelling reasons for release. To arrive at that conclusion, the court consulted the Sentencing Commission's "applicable policy statement … found at U.S.S.G. § 1B1.13," which, the court noted, describes narrow situations for early release. Quoting Application Note 1(A)(ii), the court further explained that health conditions are extraordinary and compelling "where the defendant is suffering from a serious physical or medical condition that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." The court reasoned that Burgard's health conditions did not meet this standard because his medical records showed that his asthma was well controlled. And although Burgard speculated that he was more susceptible to complications from COVID-19 based on potential side effects from his medications, he had never experienced any.

On appeal, Burgard argues that the district court gave short shrift to the severity of his medical conditions, especially because his prison's health services unit, he says, deemed him medically vulnerable. He further insists that the court impermissibly relied on the policy statement in § 1B1.13. We review the denial of his motion for abuse of discretion. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021).

We agree with Burgard that the district court impermissibly cabined its discretion to the policy statement. Since the district court's decision, we have clarified that § 1B1.13 is not an "applicable" policy statement when an inmate, and not the Bureau of Prisons, moves for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). Error occurs when the court does not recognize that it may consider extraordinary and compelling reasons for release beyond the circumstances

listed in the policy statement and its application notes. *See United States v. Black*, 999 F.3d 1071, 1074 (7th Cir. 2021); *Gunn*, 980 F.3d at 1180. Nothing in the decision persuades us that the court recognized that it could consider Burgard's arguments based on his health beyond whether the reasons matched up with that non-binding policy statement.

Nevertheless, the legal error here was harmless. *See United States v. Sanders*, 992 F.3d 583, 588 n.3 (7th Cir. 2021) (determining that improper application of § 1B1.13 was harmless). For most prisoners, the availability of vaccines for COVID-19 "makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release." *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021). Nothing in the record suggests that Burgard is unable, medically or otherwise, to receive the vaccine. And his prison reports that it has fully vaccinated 1109 of its 1397 inmates. *See* FED. BUREAU OF PRISONS, COVID-19 Vaccination Data, available at https://www.bop.gov/coronavirus/ (last accessed Aug. 12, 2021). Therefore, we need not remand the case for a fresh determination of whether Burgard presented an extraordinary and compelling reason for early release.

Finally, Burgard argues, for the first time on appeal that, based on updated guidelines from the CDC, his weight (body mass index of 29) is also a COVID-19 risk factor. *People with Certain Medical Conditions*, CENTERS FOR DISEASE CONTROL AND PREVENTION, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Aug. 12, 2021). But litigants generally cannot raise new arguments on appeal. *See United States v. McDonald*, 981 F.3d 579, 581 (7th Cir. 2020). And the district court needed to address only Burgard's "principal arguments" for release, so it had no reason to consider his near obesity. *See United States v. Newton*, 996 F.3d 485, 489 (7th Cir. 2021).

AFFIRMED.