**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-6893

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DARRELL F. GIST, a/k/a Vincent Gary Idlett, Jr.,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. Terry L. Wooten, Senior District Judge. (4:02-cr-00207-TLW-1)

Submitted: March 17, 2022                    Decided: March 23, 2022

Before WILKINSON, NIEMEYER, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Michael James Bogle, WOMBLE BOND DICKINSON (US) LLP, Greenville, South Carolina; Charles W. Cohen, HUGHES HUBBARD & REED LLP, New York, New York, for Appellant. M. Rhett DeHart, Acting United States Attorney, Charleston, South Carolina, Derek A. Shoemake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Florence, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrell F. Gist appeals from the district court's order denying his motion for compassionate release. Gist sought release based the following assertions: (1) the First Step Act eliminated the "stacking" of sentences pursuant to 18 U.S.C. § 924(c); (2) Gist is an "incomplete quadriplegic" who suffers from cervical myelopathy; and (3) COVID-19 presents a severe threat to Gist's life while he is incarcerated. We affirm.

Courts may reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction" upon a motion by the BOP's Director or by the defendant. 18 U.S.C. § 3582(c)(1)(A)(i). We review a district court's ruling on a § 3582(c)(1)(A) motion for compassionate release for abuse of discretion. *United States v. Kibble*, 992 F.3d 326, 329 (4th Cir.), *cert. denied*, 142 S. Ct. 383 (2021). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider judicially recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Dillard*, 891 F.3d 151, 158 (4th Cir. 2018) (internal quotation marks omitted).

A district court's decision whether to reduce a defendant's sentence under § 3582(c)(1)(A) generally entails three considerations. *See United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. *Id.* (internal quotation marks omitted). Second, the court considers whether granting such a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at 185-86 (internal quotation marks omitted). Third, even if a court finds that extraordinary and

2

compelling reasons warrant granting release, it retains the discretion to deny a defendant's motion after balancing the § 3553(a) factors. *See id.* at 186.

We find that the district court did not abuse its discretion in determining that the § 3553(a) factors weighed against Gist's release. The district judge who considered Gist's compassionate release motion was the same judge who originally sentenced him in 2003, a factor that is significant to the determination of whether the district court properly considered the motion. *See id.* at 189. The court also explicitly considered Gist's rehabilitative efforts and health issues but concluded that these factors did not "outweigh the repetitive violence and contempt for the law that he exhibited before his incarceration."

Gist's main argument on appeal is that the district court improperly analyzed the "penal interest factors" by failing to consider them in light of Gist's condition today. That is, Gist asserts that his medical conditions enhanced the punitive effect of his sentence and that his rehabilitation lessened the need for his sentence. With regard to this argument, Gist also points out that he has already served a significant time in prison.

Initially, "district courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." *United States v. Jeffery*, 631 F.3d 669, 679 (4th Cir. 2011). Here, the district court was well within its discretion to determine that Gist's repeated, violent criminal conduct was entitled to great weight. Moreover, the district court considered Gist's medical condition, rehabilitation, and time served, but simply weighed those factors differently than Gist would have liked. While the court recognized that Gist had a serious medical condition, the court noted that the extent was "subject to some dispute," stating that recent medical records showed good muscle strength

and no "acute distress." Further, the court explicitly considered the "current circumstances of [Gist]'s incarceration," including his rehabilitative efforts.

While Gist asserts that the district court improperly gave dispositive weight to the factors focused on the seriousness of his crime and his history and characteristics, Gist is essentially arguing that, instead, dispositive weight should have been given to his medical condition, rehabilitation, and time served. Notably, he does not assert that the district court procedurally erred in failing to consider his arguments or give a proper explanation; instead, he contends that, had his sentencing factors been properly evaluated, "there is only one conclusion: there is no penal interest to be served by keeping Mr. Gist in prison longer than the more than 18 years he has already served." (Appellant's Br. at 28). However, Gist is improperly seeking to limit the district court's discretion, and he provides no support for the conclusion that an inmate's current conditions can ever *mandate* compassionate release, especially in the case of, as here, a history of repetitive violent conduct. *See United States v. Hald*, 8 F.4th 932, 949 (10th Cir. 2021) ("Because the weighing of the § 3553(a) factors is committed to the discretion of the district court, we cannot reverse 'unless we have a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances.'"), *petition for cert. filed*, (U.S. Dec. 15, 2021); *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020) ("The district court is best situated to balance the § 3553(a) factors."). The district court's determination that great weight should be placed on Gist's repeated, violent, egregious criminal conduct was not an abuse of discretion.

Next, Gist asserts that the district court erred by finding that his "physical condition may diminish his ability to commit further violent crimes." According to Gist, his disabilities entirely preclude the possibility that he could commit further violent crimes. However, we find that Gist places too much emphasis on the word "may." The district court explicitly recognized that the need to protect the public from further crimes by Gist was lessened by Gist's diminished ability to commit violent crimes; nonetheless, the court found this consideration outweighed by Gist's egregious criminal actions and the need to promote respect for the law, provide just punishment, and afford adequate deterrence.

Next, Gist asserts that the district court erred in determining that the need for medical care weighed in favor of keeping Gist incarcerated. The district court ruled that, because Gist receives treatment in prison and because it was neither "clear nor certain" that Gist would receive the same type of care outside of prison, § 3553(a)(2)(D) weighed against release. *See United States v. Black*, 999 F.3d 1071, 1076 (7th Cir. 2021) (noting that the need for medical treatment is "relevant in deciding how pressing the medical reasons for release might be"). Gist contends that (1) he has not been adequately treated in prison and (2) he provided sufficient information regarding his proposed treatment outside of prison.

Although Gist challenges the extent and suitability of his medical treatment, the medical records submitted to the district court show that Gist was treated and monitored. The court additionally cited to medical records showing that Gist had been recently examined by a neurosurgeon who recommended surgery and aggressive physical therapy. Further, after the court's decision, Gist was moved to a medical facility. Accordingly, it

5

was not an abuse of discretion to determine that, given the medical care Gist was receiving in prison, Gist's assertions that he needed to be released to receive proper medical treatment and that he had a release plan that covered his medical care did not weigh in favor of release. *See United States v. Watson*, 482 F.3d 269, 275 (3d Cir. 2007) (holding that, although a term of imprisonment cannot be lengthened for the purposes of providing rehabilitation, a court may take such programs into account when explaining its sentence).

Finally, Gist argues that the district court erred by finding that the changes in relevant sentencing law since Gist's conviction did not weigh in favor in release. Gist asserts that he faced a lower statutory mandatory minimum and would have been sentenced to a lower sentence after the First Step Act changed the relevant law for stacking § 924(c) sentences. The district court recognized this fact but disagreed that Gist had made a substantial showing that, if sentenced today, he would receive a lower sentence. The court noted that the First Step Act was not retroactive, that the Government would have likely offered a different plea deal if the First Step Act were applicable, and that, given the nature of Gist's crimes, he would likely be sentenced to greater than the statutory minimum. The district court's explanation was reasonable and its determination that changes in the relevant sentencing law did not weigh in favor of release was not an abuse of discretion.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*